UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEANNETTE ROBLES,

                          Plaintiff,

v.                                                     5:15-CV-1359
                                                        (GTS)
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

APPEARANCES:                                            OF COUNSEL:

OFFICE OF STEVEN R. DOLSON               STEVEN R. DOLSON, ESQ.
  Counsel for Plaintiff
126 N. Salina St., Suite 3B
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.                GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   Special Assistant U.S. Attorney
  Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

       Currently before the Court, in this Social Security action filed by Jeannette Robles ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 9, 13.) For the reasons set forth below, Plaintiff's motion is granted and Defendant's motion is denied.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on November 21, 1968. The highest level of education that she achieved was completing the eleventh grade in high school. Plaintiff's employment history consists of working as a cashier and production assembler. Generally, Plaintiff's alleged disability consists of asthma, anxiety, depression, fibromyalgia, osteoarthritis, and scoliosis. Plaintiff's alleged disability onset date is January 1, 2008.

### B. Procedural History

On November 15, 2011, Plaintiff applied for Supplemental Security Income. (Tr. 154.) Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ"). On February 20, 2014, Plaintiff appeared before the ALJ, Joseph L. Brinkley. (Tr. 64-85.) On July 25, 2014, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (Tr. 17-34.) On October 2, 2015, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

### C. The ALJ's Decision

Generally, in his decision, the ALJ made the following six findings of fact and conclusions of law. (Tr. 17-34.) First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 15, 2011, her application date. (Tr. 22.) Second, the ALJ found that Plaintiff had the following eleven severe impairments: (1) cervical spine disc herniation, (2) degenerative disc disease, (3) status-post ankle sprain, (4) mild osteopenia, (5)

fibromyalgia, (6) asthma, (7) migraines, (8) depressive disorder, (9) anxiety disorder, (10) history of opioid abuse, and (11) polysubstance abuse in remission. (*Id.*) Third, the ALJ found that Plaintiff's impairments do not meet or medically equal one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix, 1. (Tr. 22-24.) In so doing, the ALJ considered the listings in sections 12.04, 12.06, 12.09 (the "Listings") and the criteria in Paragraph B. (Tr. 22.) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> can occasionally/frequently lift/carry no more than five pounds; can frequently grasp, finger, feel, handle with the bilateral upper extremities; can occasionally lift/reach overhead or push/pull with the bilateral upper extremities; can occasionally operate foot and leg controls with the bilateral lower extremities; can occasionally climb ramps/stairs, balance, kneel, and stoop; can never crawl, crouch, or climb ladders, ropes, or scaffolds; should avoid even moderate exposure to environmental irritants or humidity; must avoid concentrated exposure to a brighter than florescent light work setting and greater than office environment type noises; must avoid concentrated exposure to wetness, vibrations, extreme hot or cold temperatures, and workplace hazards including unprotected heights, dangerous machinery, and uneven terrain; is limited to simple, routine, repetitive tasks; can engage in occasional physical superficial contact with general public; can occasionally engage in team or tandem work; and is limited to work that by its nature does not require high volume production quotas and fast paced assembly line jobs.

(Tr. 24.) Fifth, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 29.) Sixth, and finally, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, considering her age, education, work experience, and RFC. (Tr. 29-31.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Generally, Plaintiff makes the following three arguments in support of her motion for judgment on the pleadings.

First, Plaintiff argues that the ALJ committed reversible error by failing to give controlling weight to the opinion of her treating physician, Dr. Ted Triana. (Dkt. No. 9, at 5-6 [Pl.'s Mem. of Law].)[1] More specifically, Plaintiff argues that the ALJ failed to adequately set forth his reasons for assigning only "some weight" to Dr. Triana's opinion. (*Id.* at 6.) Plaintiff further argues that this error is not harmless because (a) when asked whether Plaintiff could perform any unskilled occupations, the VE based her answer on the ALJ's RFC rather than on Dr. Triana's assessment that Plaintiff could work for only four hours in a work day, and (b) the ALJ failed to resolve the conflict, as required under SSR 00-4p, between his RFC finding that Plaintiff could "occasionally lift/reach overhead" and the VE's recommendation that Plaintiff could perform jobs that require frequent reaching. (*Id.* at 6, 8-9.)

Second, Plaintiff argues that the ALJ committed reversible error by considering the opinion of a single decision maker ("SDM") in evaluating her RFC because the opinion is not from an acceptable medical source and it denies Plaintiff a de novo review of her claim. (*Id.* at 7.) More specifically, Plaintiff argues that, under the regulations, this opinion is considered to be from an "other source" and, as a result, cannot be the basis for a finding of functional limitations. (*Id.*) Furthermore, Plaintiff argues that, by "accounting for" this opinion in formulating his RFC,

---

[1] Page citations refer to the page numbers used on CM/ECF rather than the actual page numbers contained in the parties' respective motion papers.

the ALJ made it impossible to determine the ultimate effect of this opinion on his RFC determination. (*Id.* at 7-8.)

Third, and finally, Plaintiff argues that the ALJ failed in his duty under SSR 00-4p to resolve an apparent conflict between his RFC finding that Plaintiff can "occasionally lift/reach overhead" and the VE's testimony that she can perform jobs that require frequent reaching. (*Id.* at 8-10.)

**B.     Defendant's Arguments**

Generally, Defendant makes the following three arguments in opposition to Plaintiff's motion for judgment on the pleadings and in support of her own such motion.

First, Defendant argues that the ALJ properly evaluated the medical evidence of record and did not err by assigning Dr. Triana's opinion limited weight. (Dkt. No. 13, at 6 [Def.'s Mem. of Law].) More specifically, Defendant argues that the ALJ thoroughly summarized Dr. Triana's assessment and noted that Dr. Triana's opinion was not supported by his own treatment notes, which reflected only minimal examination findings. (*Id.*) Furthermore, Defendant argues that Dr. Triana's report was contradicted by the reports from Dr. Distefano, who found that Plaintiff had no functional limitations, and Dr. Ganesh, who found Plaintiff had no gross physical limitations. (*Id.* at 6-8.)

Second, Defendant argues that the ALJ properly considered the opinion of a SDM from the Disability Determination Services. (*Id.* at 8-9.) Defendant argues that, in the ALJ's written decision, the ALJ acknowledged that a SDM is an unacceptable medical source but followed the correct rules and regulations that allowed him to consider the opinion in determining the severity of Plaintiff's impairments and her ability to work. (*Id.* at 9.) More specifically, Defendant

argues that, although the ALJ did not assign the SDM's opinion any specific weight, the ALJ explicitly noted that the opinion was not from a medical source and he did not treat it as one. (*Id.*) In any event, Defendant argues that, even if the ALJ mistakenly treated the SDM as a medical source, such an error would be harmless because the ALJ's RFC is supported by substantial evidence. (*Id.*)

Third, and finally, Defendant argues that the ALJ properly considered the VE's testimony and that, although the Dictionary of Occupational Titles ("DOT") may not explicitly divide reaching into subcategories, the ALJ's restriction in his hypothetical to a person who is limited in reaching "overhead" was qualifying language in an attempt to be more specific. (*Id.* at 10.) Defendant argues that ALJs routinely tailor RFCs to more closely fit a claimant's individual exertional profile rather than a DOT category. (*Id.*) If it were otherwise, Defendant argues, a claimant's RFC would always fit neatly into one of the DOT categories and there would be no need for VEs because ALJs would be able to rely on the Grids in every case. (*Id.*) Moreover, Defendant argues that the VE in this case affirmed that there was no conflict between her opinion and the DOT. (*Id.* at 10-11.)

## III.  RELEVANT LEGAL STANDARD

### A.  Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or the determination was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a

reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## IV. ANALYSIS

### A. Whether the ALJ Failed to Properly Follow the Treating Physician Rule

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 13, at 6-8 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(c)(2); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. § 416.927(c)(2)(i)-(iv). "Although the ALJ is required to explicitly consider all of the factors, the ALJ is not required to explicitly 'address or recite' each factor in his decision." *Reyes v. Colvin*, 13-CV-4683, 2015 WL 337483, at *16 (S.D.N.Y. Jan. 26, 2015); *see also Marquez v. Colvin*, 12-CV-6819, 2013 WL 5568718, at *12 (S.D.N.Y. Oct. 9, 2013) ("Although the ALJ did not explicitly recite the factors, his decision nonetheless adequately considered each factor."). "If it is unclear whether the ALJ explicitly considered all of the factors, the court may search the record to assure that the treating physician rule has not been traversed, but only when the ALJ gives good enough reasons to allow the court to engage in such an inquiry." *Reyes*, 2015 WL 337483, at *16 (citing *Halloran v. Barnhart*, 362

F.3d 28, 32 [2d Cir. 2004]).  Finally, the ALJ is also required to set forth his reasons for the weight he assigns to the treating physician's opinion.  *Id.*; *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 [2d Cir. 1998]).  "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand."  *Reyes*, 2015 WL 337483, at *14.

Here, the ALJ's reasoning in his decision, along with the facts in the record, reasonably allow the Court to conclude that he considered the treating physician rule even though he did not explicitly recite each factor.  (Tr. 25-27.)  Furthermore, the Court finds that the ALJ gave proper weight to Dr. Triana's opinion because it was not consistent with the other medical evidence of record for the reasons stated by Defendant in her memorandum of law.  (Dkt. No. 13, at 6-8 [Def.'s Mem. of Law].)  *See also Schlichting v. Astrue*, 11 F. Supp. 3d 190, 204 (N.D.N.Y. 2012) (Suddaby, J.) ("[C]onflicts in evidence . . . are for the Commissioner to resolve. . . . Where, as here, the Commissioner's decision 'rests on adequate findings supported by evidence having rational probative force, [the Court] will not substitute [its] judgment for that of the Commissioner.'") (quoting *White v. Comm'r*, 06-CV-0564, 2008 WL 3884355, at *11 [N.D.N.Y. Aug. 18, 2008]).

**B.     Whether the ALJ Improperly Gave Evidentiary Weight to the Opinion of a Single Decision Maker**

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law.  (Dkt. No. 13, at 8-9 [Def.'s Mem. of Law].)  To those reasons, the Court adds the following analysis.

"'Single decision makers' . . . are non-physician disability examiners who 'may make the initial disability determination in most cases without requiring the signature of a medical consultant.'" *Martin v. Astrue*, 10-CV-1113, 2012 WL 4107818, at *15 (N.D.N.Y. Sept. 19, 2012) (McAvoy, J.) (quoting 71 FR 45890-01, 2006 WL 2283653). ALJs have been instructed by the Social Security Administration that the opinions of SDMs "should not be afforded any evidentiary weight at the administrative hearing level[,]" which has led numerous courts to conclude that assigning any evidentiary weight to a SDM's opinion is an error. *Martin*, 2012 WL 4107818, at *15.

In the present case, the ALJ noted in his written decision that, "[w]hile a single decision maker is an unacceptable medical source, I have nonetheless accounted for this evaluation in assessing the severity of the claimant's alleged conditions." (Tr. 27.) Although it is unclear how the ALJ "accounted for" the SDM's evaluation, the Court finds that this lack of clarity does not warrant remand for the following two reasons. First, as Defendant points out, the ALJ explicitly noted that the SDM is an unacceptable medical source, which implies that the ALJ was aware that the SDM's evaluation was not to be afforded any weight. *See Cozeolino v. Colvin*, 11-CV-4530, 2013 WL 5533076, at *12 (E.D.N.Y. Sept. 30, 2013) (stating that "the mentioning of a non-physician or analyst's opinion does not merit remand" where ALJ accorded little weight to SDM's findings and recognizing that a SDM "is not a medical doctor"); *Martin*, 2012 WL 4107818, at *15-16 (explaining that the "mere mention in the ALJ's decision that the analyst's report was 'not entitled to much weight' is not a basis for remand, especially in light of the wealth of other information that the ALJ considered").

Second, in any event, the Court agrees with Defendant that the ALJ's RFC is supported by substantial medical record evidence that is independent of the SDM's evaluation. *See Tankisi v. Comm'r of Soc. Sec.,* 521 F. App'x 29, 35 (2d Cir. 2013) (finding no reversible error where ALJ assigned "substantial weight" to state agency reviewer's opinion, where it was "supported by the remainder of the record"); *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (remand unnecessary where "application of the correct legal principles . . . could lead only to the same conclusion"); *Koch v. Colvin*, 570 F. App'x 99, 102 (2d Cir. 2014) (rejecting plaintiff's argument "that the ALJ committed reversible error by merely referencing the findings of a state agency reviewer" because, "[w]hile it is indeed an error to treat a disability analyst as a doctor, . . . the ALJ's error was harmless because his RFC finding is supported by substantial evidence") (internal quotation marks and citations omitted); *Gray v. Colvin*, 13-CV-0955, 2015 WL 5005755, at *6 (W.D.N.Y. Aug. 20, 2015) ("Considering all of the medical evidence in combination with plaintiff's own reports, the ALJ's RFC assessment was supported by substantial evidence, regardless of the weight he gave to the opinion of the SDM").

**C.** **Whether the ALJ Improperly Relied on the VE's Testimony**

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 9, at 8-10 [Pl.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

As discussed above in Part I.C. of this Decision and Order, the ALJ found that Plaintiff can only "occasionally lift/reach overhead." (Tr. 24.) This limitation was incorporated into a hypothetical question posed to the VE by the ALJ. (Tr. 221-23.) The VE testified that a person with this limitation, along with the other limitations outlined in the RFC, could perform the

following three unskilled occupations: (1) Assembler (example found at DOT Code 713.687-018, 1991 WL 679271), (2) Machine Operator (example found at DOT Code 690.685-194, 1991 WL 678545), and (3) Inspector (example found at DOT Code 539.485-010, 1991 WL 674890).  (Tr. 223.)  However, as Plaintiff correctly argues, these proposed occupations all require "frequent reaching."  (Tr. 7-12.)  Pursuant to the Selected Characteristics of Occupations ("SOC"), "'[o]ccasionally' refers to an 'activity or conditions [that] exists up to 1/3 of the time,' while 'frequently' means an 'activity or condition [that] exists from 1/3 to 2/3 of the time.'" *Bevens v. Colvin*, 13-CV-0470, 2015 WL 5750083, at *9 (N.D.N.Y. Sept. 30, 2015) (Kahn, J.) (quoting SOC, App. C.)  Because there is a material difference in the meaning of these two terms, an apparent conflict exists between the VE's testimony and the DOT, which should have been resolved by the ALJ before he relied on the VE's testimony.  *See* SSR 00-4p (stating that "[w]hen there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled").  Specifically, the ALJ "must resolve the conflict by determining if the explanation given by the VE . . . is reasonable and provides a basis for relying on the VE . . . testimony rather than the DOT information."  *Id.*  It is apparent that the ALJ did not do so in this case.

Granted, the ALJ did ask the VE whether there was any conflict between her testimony and the occupational information contained in the DOT.  (Tr. 224.)  However, this "catch-all question" is insufficient to satisfy the ALJ's affirmative duty to resolve any conflicts pursuant to SSR 00-4p.  *See Patti v. Colvin*, 13-CV-1123, 2015 WL 114046, at *6 (W.D.N.Y. Jan. 8, 2015) ("The ALJ's catch-all question to the vocational expert regarding any inconsistencies between

the expert's testimony and the DOT does not satisfy the ALJ's duty to identify, explain, and resolve the conflicts between the expert's testimony and her decision."); *Kemp v. Colvin*, 743 F.3d 630, 633 (8th Cir. 2014) ("[T]he record does not reflect whether the VE or the ALJ even recognized the possible conflict between the hypothetical describing a claimant who could reach overhead only occasionally, and [the] DOT job listing . . . indicating that a check-weigher job involved constant reaching. Further, the VE did not explain the possible conflict and the ALJ sought no such explanation."). Therefore, remand is required because the Court cannot determine whether substantial evidence supports the ALJ's step-five findings. *See Bevens*, 2015 WL 5750083, at *10 (remanding case where "there was an apparent conflict between VE Haller's testimony that Plaintiff could perform occupations requiring frequent reaching and the ALJ's RFC assessment limiting Plaintiff to work requiring only occasional reaching"); *accord*, *Spears v. Colvin*, 15-CV-6236, 2016 WL 4973890, at *5 (W.D.N.Y. Sept. 16, 2016); *Patti*, 2015 WL 114046, at *6; *Daragjati v. Colvin*, 14-CV-2727, 2015 WL 427944, at *10 (E.D.N.Y. Jan. 31, 2015); *Martell v. Comm'r*, 12-CV-0152, 2013 WL 1429459, at *7 (D. Vt. Mar. 22, 2013).

**ACCORDINGLY,** it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **<u>GRANTED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **<u>DENIED</u>**; and it is further

**ORDERED** that this matter is **<u>REMANDED</u>** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: December 5, 2016
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge